**YU | MOHANDESI LLP**

**Brett B. Goodman** (SBN 260899)
213.375.3543 | bgoodman@yumollp.com
**Tamar G. Ellyin** (SBN 266860)
213.418-9341 | tellyin@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
First National Collection Bureau, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY SUNG,<br><br>                    Plaintiff,<br>v.<br>FIRST NATIONAL COLLECTION BUREAU, INC.,<br><br>                    Defendant. | Case No.: 2:20-cv-05764-DSF-SK<br><br>**DEFENDANT FIRST NATIONAL COLLECTION BUREAU, INC.'S ANSWER** |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Defendant FIRST NATIONAL COLLECTION BUREAU, INC., ("FNCB" or "Defendant") files this Answer to Plaintiff CINDY SUNG'S Complaint as follows:

## NATURE OF THE ACTION

1. FNCB admits that Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* ("RFDCPA"). FNCB denies committing any violation of any of these acts against Plaintiff.

## JURISDICTION AND VENUE

2. FNCB lacks knowledge or information sufficient to form a belief about the truth of Paragraph 2; therefore, it denies the same.

3. FNCB lacks knowledge or information sufficient to form a belief about the truth of Paragraph 3; therefore, it denies the same.

## PARTIES

4. FNCB lacks knowledge or information sufficient to form a belief about the truth of Paragraph 4; therefore, it denies the same.

5. FNCB denies Paragraph 5 as an incomplete and/or inaccurate statement of law.

6. FNCB admits Paragraph 6.

7. FNCB denies Paragraph 7 as an incomplete and/or inaccurate statement of law.

8. FNCB admits that as a corporation it may only act through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers acting within the scope of their agency.

## FACTUAL ALLEGATIONS

9. FNCB admits that Plaintiff brings this action pursuant to the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. ("RFDCPA"). FNCB denies committing any violation of any of these acts against Plaintiff.

10. FNCB lacks knowledge or information sufficient to form a belief about the truth of Paragraph 10; therefore, it denies the same.

11. FNCB lacks knowledge or information sufficient to form a belief about the truth of Paragraph 11; therefore, it denies the same.

12. FNCB lacks knowledge or information sufficient to form a belief about the truth of Paragraph 12; therefore, it denies the same.

13. FNCB lacks knowledge or information sufficient to form a belief about the truth of Paragraph 13; therefore, it denies the same.

14. FNCB lacks knowledge or information sufficient to form a belief about the truth of Paragraph 14; therefore, it denies the same.

15. FNCB denies Paragraph 15.

16. FNCB denies Paragraph 16.

17. FNCB denies Paragraph 17.

18. FNCB lacks knowledge or information sufficient to form a belief about the truth of Paragraph 18; therefore, it denies the same.

19. FNCB denies Paragraph 19.

20. FNCB denies Paragraph 20.

21. FNCB denies Paragraph 21.

22. FNCB denies Paragraph 22.

23. FNCB lacks knowledge or information sufficient to form a belief about the truth of Paragraph 23; therefore, it denies the same.

24. FNCB denies Paragraph 24.

25. FNCB denies Paragraph 25.

# COUNT I

26. FNCB reincorporates the preceding paragraphs as though fully restated herein.

27. FNCB denies Paragraph 27 as an incomplete and/or inaccurate statement of law.

28. FNCB admits that at times it acts as a debt collector, however, it lacks knowledge or information sufficient to form a belief about the truth of whether it acted as a "debt collector" as the term is defined by the FDCPA; therefore, it denies the same.

29. FNCB admits that at times it acts as a debt collector, however, it lacks knowledge or information sufficient to form a belief about the truth of whether it acted as a "debt collector" as the term is defined by the FDCPA; therefore, it denies the same.

30. FNCB denies Paragraph 30 as an incomplete and/or inaccurate statement of law. As a further response, FNCB lacks knowledge or information sufficient to form a belief about the truth of Paragraph 30; therefore, it denies the same.

31. FNCB denies Paragraph 31 as an incomplete and/or inaccurate statement of law.

32. FNCB denies Paragraph 32.

33. FNCB denies Paragraph 33.

34. FNCB denies Paragraph 34 as an incomplete and/or inaccurate statement of law.

35. FNCB denies Paragraph 35 and its subparts as incomplete and/or inaccurate statements of law.

36. FNCB denies Paragraph 36.

37. FNCB denies Paragraph 37 as an incomplete and/or inaccurate statement of law.

38. FNCB denies Paragraph 38.

39. FNCB denies Paragraph 39.

FNCB denies Plaintiff's request for relief and its subparts, and denies Plaintiff is entitled to any relief or damages.

## COUNT II

40. FNCB reincorporates the preceding paragraphs as though fully restated herein.

41. FNCB denies Paragraph 41 as an incomplete and/or inaccurate statement of law.

42. FNCB denies Paragraph 42.

43. FNCB denies Paragraph 43.

44. FNCB denies Paragraph 44.

45. FNCB denies Paragraph 45 as an incomplete and/or inaccurate statement of law.

46. FNCB denies Paragraph 46.

FNCB denies Plaintiff's request for relief and its subparts, and denies Plaintiff is entitled to any relief or damages.

## COUNT III

47. FNCB reincorporates the preceding paragraphs as though fully restated herein.

48. FNCB denies Paragraph 48 as an incomplete and/or inaccurate statement of law.

49. FNCB denies Paragraph 49 as an incomplete and/or inaccurate statement of law. As a further response, FNCB lacks knowledge or information sufficient to form a belief about the truth of Paragraph 49; therefore, it denies the same.

50. FNCB admits that at times it acts as a debt collector, however, it lacks knowledge or information sufficient to form a belief about the truth of whether it acted as a "debt collector" as the term is defined by the RFDCPA; therefore, it denies the same.

51. FNCB denies Paragraph 51 as an incomplete and/or inaccurate statement of law.

52. FNCB denies Paragraph 52.

53. FNCB denies Paragraph 53.

FNCB denies Plaintiff's request for relief and its subparts, and denies Plaintiff is entitled to any relief or damages.

## JURY TRIAL DEMAND

54. FNCB admits Plaintiff demands trial by jury.

## AFFIRMATIVE DEFENSES

55. Any violation, if it occurred, was the result of a bona fide error.

56. Plaintiff's claims may be barred because Defendant, within 15 days after discovering a violation which is able to be cured, or after the receipt of a written notice of such violation, made adjustments or corrections necessary to cure the violation with respect to Plaintiff.

57. Defendant had prior express consent to call Claimant.

58. Plaintiff's damages, if any, are the result of the actions of third parties over whom FNCB has no control.

59. Plaintiff's damages, if any, were pre-existing damages not caused by FNCB.

60. Plaintiff has failed to mitigate damages, if any.

61. Plaintiff proximately caused his own damages, if any.

62. Plaintiff has failed to state a claim against FNCB upon which relief can be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

63. Plaintiff has not suffered a concrete, injury-in-fact.

Considering the above, Defendant FIRST NATIONAL COLLECTION BUREAU, INC. respectfully requests that Plaintiff take nothing herein, that it be dismissed with its costs, and all other and further relief, at law or in equity, to which it may be justly entitled.

DATED: August 28, 2020      **YU | MOHANDESI LLP**

By   */s/ Brett B. Goodman*
Brett B. Goodman
Attorneys for Defendant
First National Collection Bureau, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, a copy of the foregoing was filed and served electronically in the ECF system.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Dated: August 28, 2020.

                      YU | MOHANDESI LLP

                      By   */s/ Brett B. Goodman*
                          Brett B. Goodman
                          Attorneys for Defendant
                          First National Collection Bureau, Inc.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071